UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SALU, INC., a Delaware
corporation,

        Plaintiff,

   v.

THE ORIGINAL SKIN STORE, an
Arizona limited liability
company,

        Defendant.
_____/

NO. CIV. S-08-1035 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on defendant The Original
Skin Store's ("TOSS") motion to dismiss for lack of personal
jurisdiction pursuant to Federal Rule of Civil
Procedure 12(b)(2) and for improper venue pursuant to Rule
12(b)(3).  In the alternative, defendant moves to transfer this
action to the United States District Court in Arizona pursuant to
28 U.S.C. § 1404.  Plaintiff Salu, Inc. ("Salu") opposes the
motion, asserting that this court has both general and specific

personal jurisdiction over Latitude.  For the reasons set forth below,[1] TOSS' motion to dismiss for lack of personal jurisdiction and improper venue is DENIED.  TOSS' motion to transfer venue is also DENIED.

**BACKGROUND**

Plaintiff Salu, dba SkinStore is a Delaware corporation with its principal place of business in Rancho Cordova, California. (Compl., filed May 9, 2008, ¶ 4.)  Salu owns and operates the website SkinStore.com, through which it has advertised and sold a variety of skin care and related products since 1997.  (Id. ¶ 7.) On May 30, 2000, Salu obtained federal trademark registration for SKIN STORE on the supplemental register.  (Id. ¶ 8.)  On May 2, 2005, Salu applied to register its SKINSTORE mark on the principal register; this registration was issued on May 2, 2006. (Id. ¶ 9.)

Defendant TOSS is an Arizona limited liability company with its principal place of business in Tucson, Arizona.  (Decl. of Julie Simons ("Simons Decl."), filed June 17, 2008, ¶ 1.)  TOSS is a home-based, single-employee internet business.  (Id. ¶ 10.) Julie Simons ("Simons") is the only employee or person acting on behalf of TOSS.  (Id. ¶ 4.)  Simons has sold skin related products on eBay, using the name TOSS, since February 2004. (Reply Aff. of Julie Simons ("Simons Aff."), filed Aug. 5, 2008, ¶ 3.)  In May 2005, Simons opened an eBay "virtual store" using the name TOSS.  (Id. ¶ 4.)  On August 28, 2005, Simons registered

---

[1]     Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1   the domain name theoriginalskinstore.com and has continuously
2   used the domain name for the sale of skin care products.  (Id. ¶
3   5; Compl. ¶ 11.)  For the year 2007, TOSS' total sales did not
4   exceed $50,000.  (Id. ¶ 11.)  The 2007 sales to persons located
5   in California did not exceed $6,950.  (Id.)

6        TOSS has never had a California address or phone number or
7   owned any real property in California.  (Simons Decl. ¶¶ 5, 7.)
8   Simons has never resided in California.  (Id. ¶ 4.)  Simons has
9   never performed any duties on behalf of TOSS in California.
10  (Id.)  The only form of advertising done by TOSS is through
11  Google AdWords, which provides commercial advertisements in
12  response to an internet user's relevant search terms.  (Id. ¶ 8.)
13  Products ordered from TOSS' website have been processed through
14  Google Checkout.  (Decl. of Lare M. Bloodworth ("Bloodworth
15  Decl."), filed July 25, 2008, ¶ 2.)  At least one shipment also
16  included Julie Simons' TOSS business card and a product user
17  guide.  (Id. ¶ 3.)  Salu contends that TOSS entered into
18  contracts with both Google and eBay that include forum selection
19  clauses requiring TOSS to submit to jurisdiction in California.[2]

20       On or about January 15, 2008, Salu's counsel discovered
21  TOSS' website.  (Compl. ¶ 12.)  On that same day, Salu mailed
22  TOSS a letter, informing it of Salu's federally registered
23  trademarks and its belief that TOSS' website infringed those
24  marks.  Salu's letter also requested that TOSS cease and desist
25  from using the terms "theoriginalskinstore" or "skinstore."

26  _____

27       [2]   The court notes that the "terms and conditions"
    submitted by plaintiff do not specifically name or bind defendant
    TOSS.  Rather, plaintiff's counsel obtained these documents
28  through a Google search and from the eBay policies page.

3

(<u>Id.</u>)  Subsequently, TOSS' counsel e-mailed Salu's counsel to
inform him that the claim was being reviewed.  (<u>Id.</u> ¶ 13.)  In
April 2008, counsel for both parties participated in a conference
call regarding Salu's claims.  (<u>Id.</u> ¶ 14.)  At least one shipment
was made by TOSS to a California customer in May 2008 after these
communications between plaintiff and defendant regarding the use
of the mark.  (<u>See</u> Bloodworth Decl. ¶¶ 2-3.)

On May 9, 2008, plaintiff filed a complaint against TOSS in
the Eastern District of California, alleging federal claims for
trademark infringement and cybersquatting and a state law unfair
business practice claim based upon the same conduct.  (Compl. ¶¶
16-32.)

**ANALYSIS**

**A.   Personal Jurisdiction**

Defendant TOSS moves to dismiss plaintiff Salu's complaint
for lack of personal jurisdiction under Rule 12(b)(2) of the
Federal Rules of Civil Procedure.  "Where, as here, there is no
applicable federal statute governing personal jurisdiction, the
law of the state in which the district court sits applies."
<u>Core-Vent Corp. v. Nobel Indus. AB</u>, 11 F.3d 1482, 1484 (9th Cir.
1993) (citation omitted).  "California's long-arm statute allows
courts to exercise personal jurisdiction over defendants to the
extent permitted by the Due Process Clause of the United States
Constitution."  <u>Id.</u> at 1484 (citation omitted).  Thus, only
constitutional principles constrain the jurisdiction of a federal
court in California.  <u>Sher v. Johnson</u>, 911 F.2d 1357, 1361 (9th
Cir. 1990).  "Due process requires that in order to subject a
defendant to a judgment *in personam*, if he be not present within

4

1  the territory of the forum, he have certain minimum contacts with

2  it such that the maintenance of suit does not offend traditional

3  notions of fair play and substantial justice." <u>Harris Rutsky &</u>

4  <u>Co. Ins. Servs., Inc. v. Bell & Clements Ltd.</u>, 328 F.3d 1122,

5  1129 (9th Cir. 2003) (internal quotations omitted); <u>see</u> <u>Burger</u>

6  <u>King v. Rudzewciz</u>, 471 U.S. 462, 476 (1985).

7       Once a defendant challenges jurisdiction, the burden of

8  proof to show that jurisdiction is appropriate lies with the

9  plaintiff.  <u>Sher</u>, 911 F.2d at 1361.  When a defendant's motion to

10  dismiss is to be decided on the pleadings, affidavits, and

11  discovery materials, the plaintiff need only make a prima facie

12  showing that personal jurisdiction exists in order for the action

13  to proceed.  <u>Id.</u>

14       **1.   General Jurisdiction**

15       Salu argues that TOSS has sufficient contacts with

16  California to establish general jurisdiction.  Specifically,

17  plaintiff asserts that defendant's contacts with California are

18  substantial because California sales make up a significant

19  percentage of defendant's total sales, defendant encloses

20  advertising materials in shipments to California customers, and

21  defendant has already submitted to the jurisdiction of California

22  courts in agreements with Google and eBay.

23       A court may exercise either general or specific jurisdiction

24  over a non-resident defendant.  "General jurisdiction exists when

25  a defendant is domiciled in the forum state or his activities

26  there are 'substantial' or 'continuous and systematic.'"

27  <u>Panavision Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1320 (9th Cir.

28  1998) (quoting <u>Helicopteros Nacionales de Columbia, S.A. v. Hall</u>,

466 U.S. 408, 414-416 (1984)).  When a defendant does not reside in the forum state, the contacts must be such that they "approximate physical presence in the forum state." Schwarzenegger v. Fred Martin Co., 374 F.3d 797, 801 (9th Cir. 2004) (quoting Bancroft v. Masters, 223 F.3d 1082, 1086 (9th Cir. 2000)).  "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."  Id. (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986) (collecting cases where general jurisdiction was denied despite the defendants' significant contacts with forum)).

Defendant TOSS' contact with California is neither sufficiently "substantial" nor "continuous and systematic" as to "approximate physical presence" in the state.  Defendant has never had a California address or telephone number or owned real property in California.  Defendant's sole representative and employee has never resided in California or acted on behalf of TOSS in California.  Plaintiff's contention that 14% of a $50,000 business operation is comprised of sales to California and that business cards are sent in conjunction with delivery of product shipments falls far short of establishing the equivalence of physical presence under the "exacting standard" required to demonstrate general jurisdiction.

Moreover, plaintiff's reliance on TOSS' purported contractual relationship with Google and eBay is misplaced.  As an initial matter, there is no evidence that the "terms and conditions" proffered by plaintiff applies to defendant; these

6

are generic documents discovered by plaintiff's counsel through a
Google search and by clicking on eBay's policy page.  However,
even assuming these terms dictate the choice of law and forum
selection disputes between TOSS and its service providers, such
contracts are insufficient to approximate physical presence in
the state, even in conjunction with the sales and distribution of
advertising in shipments.  See, e.g., Helicopteros, 466 U.S. at
416 (no jurisdiction over foreign corporation that sent officer
to forum for one negotiating session, accepted checks drawn on a
forum bank, purchased equipment from the forum, and sent
personnel to the forum to be trained); Cubbage v. Merchent, 744
F.2d 665, 667-68 (9th Cir. 1984) (no jurisdiction over doctors
despite significant numbers of patients in forum, use of forum's
state medical insurance system and telephone directory listing
that reached forum); Gates Learjet Corp. v. Jensen, 743 F.2d
1325, 1330-31 (9th Cir. 1984) (no jurisdiction over defendants
despite several visits and purchases in forum, solicitation of
contract in forum which included choice of law provision favoring
forum, and extensive communication with forum), cert. denied, 471
U.S. 1066, 105 S. Ct. 2143, 85 L. Ed. 2d 500 (1985); Congoleum
Corp. v. DLW Aktiengesellschaft, 729 F.2d 1240, 1243 (9th Cir.
1984) (developing sales force in forum state insufficient).
Furthermore, the court notes that, despite carrying the burden of
establishing jurisdiction, plaintiff has failed to cite a single
case to support its argument that the exercise of general
jurisdiction would be appropriate under these or similar facts.

1    Therefore, because defendant's contacts with California are
2    not regular, systematic, or substantial, the court cannot
3    exercise general jurisdiction over TOSS.

4         **2.   Specific Jurisdiction**

5         Salu also argues that this court has specific jurisdiction
6    over TOSS.  Specifically, plaintiff asserts that defendant's
7    operation of an interactive website which directly sells products
8    to California customers is sufficient to subject them to suit in
9    California.

10        Where general jurisdiction does not exist, the court may
11   still determine whether the defendant has had sufficient minimum
12   contacts with the state, as it relates to the pending litigation
13   against it, in order to justify the exercise of specific
14   jurisdiction.  <u>See</u> <u>Omeluk v. Langsten Slip & Batbyggeri A/S</u>, 52
15   F.3d 267, 270 (9th Cir. 1995).  In determining whether a district
16   court can exercise specific jurisdiction over a defendant, the
17   Ninth Circuit has articulated the following three-part test:

18        (1)  the nonresident defendant must purposefully direct
                  [its] activities or consummate some transaction
19                with the forum or resident thereof; or perform
                  some act by which [it] purposefully avails
20                [itself] of the privilege of conducting activities
                  in the forum, thereby invoking the benefits and
21                protections of its laws;

22        (2)  the claim must be one which arises out of or
                  relates to the defendant's forum-related
23                activities; and

24        (3)  the exercise of jurisdiction must comport with
                  fair play and substantial justice, i.e. it must be
25                reasonable.

26   <u>Core-Vent</u>, 11 F.3d at 1485 (citation omitted).

27   /////

28   /////

8

1                    a.    Purposeful Direction

2          In order to satisfy the first prong of the three-part test,

3    Salu must establish either that TOSS (1) purposely availed itself

4    of the privilege of conducting business in California; or (2)

5    purposely directed its activities at California.  <u>Pebble Beach</u>

6    <u>Co. v. Caddy</u>, 453 F.3d 1151, 1155 (9th Cir. 2006).  The Ninth

7    Circuit has clarified that although courts sometimes use the

8    phrase "purposeful availment" to include both purposeful

9    availment and direction, they are two distinct concepts.  <u>Id.</u>

10   "Evidence of availment is typically action taking place *in* the

11   forum that invokes the benefits and protections of the laws in

12   the forum."  <u>Id.</u> at 1156 (emphasis added).  In contrast,

13   "[e]vidence of direction generally consists of action taking

14   place *outside* the forum that is directed at the forum," such as

15   distribution and advertising.  <u>Id.</u> (citing <u>Schwarzenegger</u>, 374

16   F.3d at 802) (emphasis added).

17         In this case, Salu fails to present any evidence that any

18   actions by TOSS were taken in the forum.  As such, it is the type

19   of evidence that supports the application of the purposeful

20   direction test.  <u>See</u> <u>id.</u>

21         In determining whether a defendant has purposely directed

22   its activities at a forum in order to give rise to specific

23   jurisdiction, courts apply the "effects test" set forth by the

24   Supreme Court in <u>Calder v. Jones</u>, 465 U.S. 783 (1984).  <u>Core-</u>

25   <u>Vent</u>, 11 F.3d at 1485-86.  In order to satisfy this test, a

26   plaintiff must show that the defendant "(1) committed an

27   intentional act, which was (2) expressly aimed at the forum

28   state, and (3) caused harm, the brunt of which is suffered and

                                    9

which the defendant knows is likely to be suffered in the forum state." <u>Bancroft</u>, 223 F.3d at 1087.

In cases involving websites, courts have held that "personal jurisdiction is not appropriate when a website is merely a passive, either as an advertisement or for informational purposes." <u>Stomp, Inc. v. NeatO, LLC</u>, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999); <u>see</u> <u>Pebble Beach</u>, 453 F.3d at 1158 ("[W]e reject also any contention that a passive website constitutes express aiming."); <u>Cybersell, Inc. v. Cybersell, Inc.</u>, 130 F.3d 414, 420 (9th Cir. 1997).  In cases involving interactive websites, however, courts must analyze the "level of interactivity and commercial nature of the exchange of information that occurs on the Web site." <u>Cybersell</u>, 130 F.3d at 418 (quoting <u>Zippo Mfg. Co. v. Zippo Dot Com, Inc.</u>, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997)).  Generally, courts have found that personal jurisdiction "is appropriate when an entity is conducting business over the Internet." <u>Stomp, Inc.</u>, 61 F. Supp. 2d at 1078 (holding that although the actual number of sales to California citizens may be small, the act of engaging in "Internet commerce" with California citizens was sufficient to establish minimum contacts); <u>see also</u> <u>Starlight Int'l, Ltd. v. Lifeguard Health, LLC</u>, C 08-1894, 2008 WL 2899903 (N.D. Cal. July 22, 2008) (holding that the defendant personally directed its activities at California where it made $2,559 of sales to California consumers through its website); <u>Smith Enter., Inc. v. Capital City Firearms</u>, CV 07-2163, 2008 WL 2561882 (D. Az. June 24, 2008) (holding that the defendant is subject to specific jurisdiction for trademark infringement arising out of use of a

10

website that was accessible to and utilized by customers in the

forum state who placed orders for allegedly infringing products);

Tech Heads, Inc. v. Desktop Serv. Ctr., 105 F. Supp. 2d 1142,

1151 (D. Or. 2000) (holding that defendant "intentionally availed

itself of jurisdiction" by "posting a highly commercial, highly

interactive Web site on the World Wide Web, engaging in Internet

commerce with at least one [forum state] resident, advertising in

a national newspaper").  Furthermore, courts have found that the

brunt of harm suffered by a plaintiff corporation in a trademark

infringement case is the state where it maintained its principal

place of business.  See Panavision Int'l, L.P. v. Toeppen, 141

F.3d 1316, 1322 n.2 (9th Cir. 1998); Amini Innovation Corp. v. JS

Imports, Inc., 497 F. Supp. 2d 1093, 1106 (C.D. Cal. 2007)

(collecting cases).

     In this case, defendant TOSS utilized an interactive

website, from which customers could and did place direct orders

for shipment.  TOSS' sales to California customers in 2007 in the

amount of $6,950 constituted approximately 14% of its total

business.  As such, defendant intentionally engaged in commercial

transactions with California residents.[3]  At least one shipment

---

[3]     Toss argues that plaintiff cannot demonstrate that it willfully and knowingly infringed Salu's marks and thus, defendant's acts were not sufficiently intentional to subject it to personal jurisdiction.  Defendant misconstrues the intent requirement of the effects test.  In the context of the "intentional act," "intent" refers to an "intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result of consequence of that act."  Schwarzenegger, 374 F.3d at 806.  Defendant knowingly conducted $6,950 of business in California.  Further, defendant continued to engage in consumer transactions with California customers after communications with plaintiff regarding the infringement claims.
                                              (continued...)

1  was made in May 2008, five months after TOSS received the cease
2  and desist letter from Salu, a California-based company.
3  Moreover, counsel for plaintiff and defendant had been in
4  communication with respect to Salu's claims for infringement
5  since January 2008.  Defendant's sales to California, in addition
6  to its communications with a California-based company which was
7  alleging that TOSS was infringing upon its registered marks,
8  should have put defendant on notice that it could reasonably be
9  expected to be subject to suit in California.  Therefore, because
10 TOSS knowingly engaged in actions aimed at California, with the
11 knowledge that such actions might subject it to suit in
12 California, it has satisfied the requirements of the effects test
13 sufficient to demonstrate purposeful direction at the forum
14 state.

15          **b.   Arising Under**

16      In order to satisfy the second prong of the three-part test,
17 Salu must establish that the contacts giving rise to purposeful
18 direction are those that give rise to the current dispute.
19 Bancroft, 223 F.3d at 1088.  The Ninth Circuit relies "on a 'but
20 for' test to determine whether a particular claim arises out of
21 forum-related activities and thereby satisfies the second
22 requirement for specific jurisdiction." Ballard v. Savage, 65
23 F.3d 1495, 1500 (9th Cir. 1995)(citation omitted).  Defendant's
24 contacts in California – namely its interactive website and
25 direct sales to California consumers – resulted in the alleged

27 ─────────────────
    [3](...continued)
28 As such, its actions were intentional.

violation of plaintiff's trademark at issue in this litigation. See <u>Rio Props. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1021 (9th Cir. 2002) ("[T]his requirement was satisfied where [defendant's misappropriation] of [plaintiff's] trademark had the effect of injuring [plaintiff] in California, its home state."). Therefore, the current action arises out of defendant's contacts with California.

### c.   Reasonableness

Once the first two prongs of the minimum contacts test are established, a defendant may defeat jurisdiction only by "present[ing] a compelling case that the presence of some other considerations would render jurisdiction unreasonable." <u>Core-Vent</u>, 11 F.3d at 1487; <u>Amini Innovation Corp.</u>, 497 F. Supp. 2d at 1108. Specifically, a defendant must show that the exercise of jurisdiction in the forum would "make litigation so gravely difficult and inconvenient that a party unfairly is at a severe disadvantage in comparison to his opponent." <u>Burger King</u>, 471 U.S. at 478 (internal quotations and citations omitted). In determining whether the exercise of specific jurisdiction is reasonable, the court must weigh the following seven factors:

(1)   the extent of the defendant['s] purposeful interjection into the forum state's affairs;
(2)   the burden on the defendant of defending in the forum;
(3)   the extent of conflict with the sovereignty of the defendant['s] state;
(4)   the forum state's interest in adjudicating the dispute;
(5)   the most efficient [forum for] judicial resolution of the controversy;
(6)   the importance of the forum to the plaintiff's interest in convenient and effective relief; and,
(7)   the existence of an alternative forum.

<u>Core-Vent</u>, 11 F.3d at 1487-88 (citation omitted).

13

1    Defendant TOSS asserts that granting personal jurisdiction

2    in California would be unreasonable because its did not interject

3    itself in California anymore than it did in any other state, and

4    the costs and burden of defending the suit in this forum would

5    impose a significant hardship on defendant.  Defendant also

6    contends that Arizona is an acceptable alternative forum and that

7    Arizona's sovereign interests are implicated because an Arizona

8    corporation would be required to defend a suit in a foreign court

9    when it had few contacts with California.

10    The court finds that these assertions are insufficient to

11    establish the requisite showing of unreasonableness.  Plaintiff

12    has demonstrated that TOSS purposefully directed its activities

13    at the forum through the use of an interactive website that

14    directly sold goods to California customers.  As such, it has

15    purposefully interjected itself into the forum state.  Whether

16    TOSS has also purposefully interjected itself into other states

17    through similar conduct is irrelevant to the court's inquiry.

18    Therefore this factor weighs in favor of reasonableness.

19    Defendant asserts that the burden of litigating in

20    California would be "enormous" because the sole employee of TOSS,

21    Simons, has a full time career with no relationship to TOSS.

22    (Simons Decl. ¶ 13.)  Simons operates TOSS from home in the

23    evenings and on weekends.  (Id.)  The Ninth Circuit has

24    recognized that "[m]odern means of communication and

25    transportation have tended to diminish the burden of defense of a

26    lawsuit in a distant forum."  Ins. Co. of N. Am. v. Marina Salina

27    Cruz, 649 F.2d 1266, 1271 (9th Cir. 1981); see also Menken v.

28    Emm, 503 F.3d 1050, 1060 (9th Cir. 2007) ("[W]ith the advances in

14

1  transportation and telecommunications and the increasing

2  interstate practice of law, any burden is substantially less than

3  in days past."); <u>Caruth v. Int'l Psychoanalytical Ass'n</u>, 59 F.3d

4  126, 128-29 (9th Cir. 1995) (noting that unless the

5  "inconvenience is so great as to constitute a deprivation of due

6  process, it will not overcome clear justifications for the

7  exercise of jurisdiction.") (citation omitted).  "[S]ome

8  additional inconvenience is inevitable" in almost any case where

9  the defendant does not reside in the forum state.  <u>Indiana</u>

10  <u>Plumbing Supply, Inc. v. Standard of Lynn, Inc.</u>, 880 F. Supp.

11  743, 748 (C.D. Cal. 1995).  Defendant does not point to

12  evidentiary burdens created by a foreign forum that would hamper

13  its defense, but only obstacles relating to its resources and

14  Simons' other full time career, obstacles which presumably would

15  still be present if the litigation were pursued in Arizona.

16  Therefore, this factor weighs in favor of reasonableness, or, at

17  best, is neutral.

18      With respect to defendant's argument regarding sovereignty,

19  while it is correct that Arizona has an interest in ensuring that

20  its citizens are not dragged into foreign jurisdictions to defend

21  suits where there has been little contact, the first two prongs

22  of the Ninth Circuit test are applied to prevent such an

23  occurrence.  Defendant does not dispute that California has a

24  legitimate interest in protecting against a trademark registered

25  to a California company through products sold to California

26  customers.  Furthermore, defendant does not make any assertions

27  that the case would be tried more effectively or efficiently in

28  another forum.  Therefore, these factors are neutral.

1    Although the existence of an alternative forum in Arizona
2  weighs in defendant's favor, consideration of all the
3  reasonableness factors militates against a finding that exercise
4  of personal jurisdiction over defendant TOSS is unreasonable.
5  Defendant has failed to meet its burden in establishing that
6  litigation in California would be so gravely difficult and
7  inconvenient that it is unfairly at a severe disadvantage.
8    Therefore, because plaintiff Salu has demonstrated that
9  defendant TOSS has had sufficient minimum contacts with
10  California giving rise to this cause of action and because
11  defendant TOSS has failed to demonstrate that the exercise of
12  jurisdiction would be unreasonable, defendant's motion to dismiss
13  for lack of personal jurisdiction is DENIED.
14  **B.   Venue**
15    Defendant also moves for dismissal of plaintiff's complaint
16  for improper venue pursuant to Rule 12(b)(3).  Pursuant to 28
17  U.S.C. § 1391(b), venue is proper in "a judicial district where
18  any defendant resides . . . ."  28 U.S.C. § 1391(b).  Further,
19  for purposes of venue, "a defendant that is a corporation shall
20  be deemed to reside in any judicial district in which it is
21  subject to personal jurisdiction at the times the action is
22  commenced."  28 U.S.C. § 1391(c).  Where a state has more than
23  one judicial district, venue is proper in any district within
24  which the defendant has sufficient contacts to subject it to
25  personal jurisdiction, or if none exist, where it has the most
26  significant contacts.  Id.
27    As set forth above, the court holds that defendant TOSS is
28  subject to personal jurisdiction in California.  Defendant does

16

1   not specifically object to venue in this district as opposed to

2   another district in California.  Furthermore, plaintiff has

3   presented evidence that at least one of defendant's California

4   customers who utilized the interactive website to purchase

5   products from the defendant resides within the district.

6   (Bloodworth Decl. ¶ 2.)  Therefore, because defendant is a

7   corporation subject to personal jurisdiction in California,

8   defendant's Rule 12(b)(3) motion is DENIED.

9   **C.    Transfer of Venue**

10       Alternatively, defendant moves to transfer venue of this

11  action to Arizona pursuant to 28 U.S.C. § 1404(a).  Pursuant to §

12  1404(a), "[f]or the convenience of the parties and witnesses, in

13  the interest of justice, a district court may transfer any civil

14  action to any other district or division where it might have been

15  brought."  28 U.S.C. § 1404(a).  A defendant moving to transfer

16  venue under § 1404(a) must therefore satisfy both of the

17  following requirements: (1) the transferee district is one in

18  which the action might have been brought originally; and (2)

19  transfer will enhance the convenience of the parties and

20  witnesses, and is in the interests of justice.  See Van Dusen v.

21  Barrack, 376 U.S. 612, 616 (1964).  In considering the second

22  requirement, the court employs a case by case analysis, which may

23  include evaluation of the following factors: (1) the plaintiff's

24  choice of forum; (2) the state that is most familiar with the

25  governing law; (3) the respective parties' contacts with the

26  forum, including the contacts relating to plaintiff's cause of

27  action in the forum; (4) the differences in the costs of

28  litigation in the two forums; and (5) the ease of access to

17

1   sources of proof.   See <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d

2   495, 498-99 (9th Cir. 2000).[4]

3       Venue is proper in "a judicial district where any defendant

4   resides . . . ."  28 U.S.C. § 1391(b).  Defendant TOSS is an

5   Arizona limited liability company with its principal place of

6   business in Tucson, Arizona.  As such, TOSS is a resident of

7   Arizona.  Therefore, the first requirement for a venue transfer

8   pursuant to § 1404(a) is met because plaintiff could have brought

9   this action originally in the United States District Court for

10  the District of Arizona.

11      Considering defendant's showing in light of the factors

12  described in <u>Jones</u>, the court finds defendant has not

13  demonstrated that transfer is warranted.  First, a plaintiff's

14  choice of the forum in which it resides is accorded substantial

15  weight, and "unless the balance of factors is strongly in favor

16  of the defendant, the plaintiff's choice of forum should rarely

17  be disturbed."  <u>Securities Investor Protection Corp. v. Vigman</u>,

18  764 F.2d 1309, 1317 (9th Cir. 1985) (citing <u>Gulf Oil Corp. v.</u>

19  <u>Gilbert</u>, 330 U.S. 501, 508 (1947)); <u>see also</u> <u>Ellis v. Costco</u>

20  <u>Wholesale Corp.</u>, 372 F. Supp. 2d 530, 537-38 (N.D. Cal. 2005).

21  Plaintiff is a Delaware corporation with its principal place of

22  business in Rancho Cordova, California.  As such, because it is a

23  resident of this district, its choice of forums weighs strongly

24  against transfer to another district.

25

26

27      [4]   The <u>Jones</u> court also weighed the availability of
    compulsory process to compel attendance of witnesses.  Neither
    party addressed this factor in the submissions to the court.  As
28  such, the court assumes this factor is neutral.

1    Second, the crux of plaintiff's lawsuit is based upon

2    federal law.  However, plaintiff has also asserted a claim under

3    California law.  At best, this factor is neutral.

4    Third, plaintiff has significant contacts with this forum as

5    its principal place of business is within the district.

6    Moreover, as set forth above in the court's discussion of

7    specific personal jurisdiction, defendant's contacts with the

8    district arise from the sale of products to California customers,

9    at least one of which is a resident of the district.  Therefore,

10   this factor weighs against transfer to another district.

11   Fourth, defendant contends that its' relatively sparse

12   resources, when compared to plaintiff's large business, weighs in

13   favor of transfer.  However, defendant offers no evidence to

14   substantiate its claims with respect to the size and resources of

15   plaintiff.  Defendant also fails to provide any evidence, beyond

16   vague assertions about travel costs, regarding the extent to

17   which the cost of litigating in California would exceed the cost

18   of litigating in Arizona.  Similarly, defendant fails to

19   demonstrate that sources of proof are more accessible in another

20   forum.  While defendant asserts that it maintains its own records

21   in Arizona, plaintiff contends that its relevant witnesses and

22   records are within this district.  See Reed Elsevier, Inc., v.

23   Innovator Corp., 105 F. Supp. 2d 816, 821 (S.D. Ohio 2000) ("The

24   venue transfer provisions of Section 1404(a) are not meant to

25   merely shift the inconvenience to the plaintiff.").  Therefore,

26   this factor is neutral.

27

28

1   Therefore, in light of the weight to be accorded plaintiff's
2   choice of forum and consideration of the other factors relative
3   to § 1404(a), defendant's motion to transfer venue is DENIED.

4                          **CONCLUSION**

5   Accordingly, for the foregoing reasons, (1) defendant's
6   motion to dismiss for lack of personal jurisdiction is DENIED;
7   (2) defendant's motion to dismiss for improper venue is DENIED;
8   and (3) Defendant's motion to transfer venue is DENIED.

9   IT IS SO ORDERED.
10  DATED: August 13, 2008

12  FRANK C. DAMRELL, Jr.
    UNITED STATES DISTRICT JUDGE

20