UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SALU, INC., a Delaware corporation,

       Plaintiff,

  v.

THE ORIGINAL SKIN STORE, an Arizona limited liability company,

       Defendant.
_____/

NO. CIV. S-08-1035 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter comes before the court on defendant The Original Skin Store's ("TOSS") request to stay this action pending the outcome of a cancellation proceeding in the United States Patent and Trademark Office. Plaintiff Salu, Inc. ("Salu") opposes the request. For the reasons set forth below,[1] plaintiff's motion is GRANTED.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

**BACKGROUND**

Plaintiff Salu, dba SkinStore, owns and operates the website SkinStore.com, through which it has advertised and sold a variety of skin care and related products since 1997. (Compl., filed May 9, 2008, ¶ 7.) On May 30, 2000, Salu obtained federal trademark registration for SKIN STORE on the supplemental register. (Id. ¶ 8.) On May 2, 2005, Salu applied to register its SKINSTORE mark on the principal register; this registration, Registration No. 3,087,484, was issued on May 2, 2006. (Id. ¶ 9.)

Defendant TOSS owns and operates, and has established a website located at theoriginalskinstore.com, which sells skin care products in connection with it's THE ORIGINAL SKIN STORE mark. (Id. ¶ 10.) On August 28, 2005, TOSS registered the domain name theoriginalskinstore.com and has continuously used the domain name for the sale of skin care products since at least March 2007. (See id. ¶ 11.)

On April 29, 2008, TOSS initiated cancellation proceedings for the compound word SKINSTORE, Trademark Registration No. 3,087,484, before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("PTO"). (Decl. of Daniel Ballard in Supp. of Mot. to Stay ("Ballard Decl."), filed Sept. 15, 2008, ¶ 2.) The asserted grounds for cancellation of the registration are that SKINSTORE does not meet the threshold for registerability and that Salu misrepresented facts in order to fraudulently obtain its registration. (Id. ¶ 3.)

On May 9, 2008, plaintiff filed a complaint against TOSS in the Eastern District of California, alleging federal claims for

trademark infringement and cybersquatting and a state law unfair business practice claim based upon the same conduct. (Compl. ¶¶ 16-32.) Subsequently, defendant's filed a motion to dismiss for lack of personal jurisdiction or to transfer the action to Arizona, which the court denied on August 13, 2008. (Mem. & Order [Docket #15], filed Aug. 13, 2008.) The court has not issued a Pretrial Scheduling Order in this matter. (See Minute Order [Docket #25], filed Sept. 16, 2008.)

On August 26, 2008, TOSS filed a motion in the cancellation proceeding seeking summary judgment that Salu's SKINSTORE registration is invalid because the term is generic or merely descriptive and because Salu engaged in fraud in order to acquire the registration. (Id. ¶ 4.) The TTAB has not yet ruled on the motion. (Id.) On September 8, 2008, upon Salu's motion, the cancellation proceeding was suspended pending disposition of this action. (Ex. A to Ballard Decl.)

On September 15, 2008, TOSS filed a motion to stay this action, pending resolution of the cancellation proceedings.

**ANALYSIS**

Defendant argues that the court should stay this action pursuant to the doctrine of primary jurisdiction.

The primary jurisdiction doctrine provides:

> When there is a basis for judicial action, independent of agency proceedings, courts may route the threshold decision as to certain issues to the agency charged with primary responsibility for government supervision or control of the particular industry or activity involved.

United States v. Culliton, 328 F.3d 1074, 1081 (9th Cir. 2003) (quotations omitted). "Whether the doctrine of primary

3

jurisdiction applies in any particular situation depends on 'the extent to which Congress, in enacting a regulatory scheme, intends an administrative body to have the first word on issue arising in judicial proceedings.'" Id. (citing United States v. Gen. Dynamics Corp., 828 F.2d 1356, 1362 (9th Cir. 1987)); see also United States v. RCA, 358 U.S. 334 (1959). Factors that are "uniformly present" in cases where courts have abstained on judicial action include (1) "the need for expertise or uniformity in the administration of such a decision" and (2) "Congressional intent to imbue an administrative agency with total responsibility to resolve or address the particular issue." Id. Further, reliance on the primary jurisdiction doctrine "is sensible only if the agency is better equipped to handle the action." Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1164 (9th Cir. 2007).

In Rhoades v. Avon Products, Inc., the Ninth Circuit addressed for the first time "whether a district court should defer, on primary jurisdiction grounds, a trademark declaratory relief action pending the completion of related TTAB proceedings." 504 F.3d at 1162. The Rhoades court held that a district court abused its discretion in declining to hear a trademark infringement action on the basis of pending TTAB proceedings. The court reasoned that "Congress has not installed the PTO as the exclusive expert in the field." Id. at 1164. Further, the structure and availability of remedies provided by the Lanham Act do not demonstrate Congressional intent to grant complete responsibility over all claims to the TTAB. See id. Specifically, under the Lanham Act, parties may litigate

4

1  registration related issues in federal court without exhausting
2  their claims before the TTAB.  Id. (citing 15 U.S.C. §
3  1701(b)(1)).  Moreover, the TTAB's findings that result from a
4  contested proceeding can be challenged in a district court
5  through new evidence, and "at least to a large extent, the issues
6  can be litigated afresh."  Id. (quoting PHC v. Pioneer
7  Healthcare, 75 F.3d 75, 80 (1st Cir. 1996) (noting that the TTAB
8  "is not an ordinary administrative agency whose findings control
9  unless set aside after court review under a highly deferential
10 standard")).

   The Ninth Circuit emphasized that the applicability of the primary jurisdiction doctrine to cases when related TTAB proceedings are pending depends upon efficiency.  Id. at 1165 ("[T]he district court should exercise jurisdiction 'if this course is more efficient; otherwise, not.'").  Specifically, the court noted that "'where the district court action involves only the issue of whether a mark is entitled to registration,' it might make more sense to resolve the registration claims at the TTAB first."  Id. (quoting Goya Foods, Inc. v. Tropicana Prod., Inc., 846 F.2d 848, 853-54 (2d Cir. 1988)).  However, where "a potential infringement claim requires the district court to resolve much or all of the registration issues," the most efficient forum for litigation is the district court.  Id. (internal quotations omitted).

   The Ninth Circuit's analysis and holding in Rhoades is applicable to the fact in this case.  Like the claim in Rhoades, plaintiff's claim seeks more than declaratory relief regarding whether a mark is entitled to registration.  See id.  Rather,

5

plaintiff brings claims under 15 U.S.C. § 1125(a) for trademark infringement, under 15 U.S.C. § 1125(d) for cybersquatting, and under California Business and Professions Code § 17200 for unfair business practices. (Compl.) Because, like in Rhoades, the validity of the registration is a core issue to these claims, "it would waste everyone's time not to settle the registration issue . . . in district court." Id. As such, defendant's motion to stay based upon the applicability of the primary jurisdiction doctrine is DENIED.

In its reply, defendant for the first time argues that issuance of a stay is within the court's power to manage its own docket. The court agrees.[2] A district court has the discretionary power to control the disposition of the cases on its docket "in a manner which will promote economy of time and effort for itself, for counsel, and for the litigants." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962); see Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). How these objectives can be achieved "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55; see Lockyer v. Miran Corp., 398 F.3d 1098, 1110 (9th Cir. 2005) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."). Such competing interests include "the possible damage which may result

---

[2] Because, as set forth *infra*, defendant did not properly raise this argument in its moving papers or sufficiently support it with argument or evidence, the court need not address the issue of whether the Rhoades decision impacts the court's inherent power to grant a stay in this case.

from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, 300 F.2d at 268.  If there exists even a fair possibility that the stay requested by a litigant will work damage to someone else, the party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 255; Lockyer, 398 F.3d at 1110-11.

Defendant's motion to stay this action in light of the TTAB proceeding focused exclusively on facts and cases relevant to the primary jurisdiction doctrine.  Notably, defendant failed to cite Rhoades in its moving papers.  As such, plaintiff's opposition discussed only the inapplicability of the primary jurisdiction doctrine to this case.  Subsequently, in its reply, defendant argues that because plaintiff has failed to present evidence of actual prejudice, the court should exercise its inherent power to grant a stay.

The court disagrees.  While the court has the inherent power to grant a stay, defendant has failed to present any argument or evidence, to which plaintiff had an opportunity to respond, regarding the hardship or inequity which it may suffer in being required to go forward in this litigation.  While defendant makes such assertions in its reply, it fails to provide the court any evidence to support these conclusions.  Further, because the litigation in this case raises issues of infringement and because ongoing business is likely involved, harm and damages to

7

plaintiff may be accruing.  See PHC, 75 F.3d at 80.  As such, there is a fair possibility that the stay requested by defendant may work damage to plaintiff.  However, defendant has failed to "make out a clear case of hardship or inequity in being required to go forward."  Landis, 299 U.S. at 255; Lockyer, 398 F.3d at 1110-11.[3]  Therefore, defendant's motion to motion to stay based upon the court's inherent power to manage it own docket is DENIED.

**CONCLUSION**

Accordingly, for the foregoing reasons, defendant's motion to stay to is DENIED.

IT IS SO ORDERED.

DATED: October 15, 2008

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Defendant contends that "it is a small, home-based business that will have difficult time finding the financial resources to litigate this matter." (Def.'s Response to Opp'n to Stay [Docket #30], filed Oct. 11, 2008, at 3.)  However, defendant fails to provide any evidence to support this assertion.  Moreover, defendant previously raised and similarly failed to establish this assertion of hardship in its motion to dismiss for lack of personal jurisdiction or to transfer venue, which the court denied.

8