MARK R. LEONARD (State Bar No. 219186)
STEPHEN L. DAVIS (State Bar No. 149817)
DAVIS & LEONARD, LLP
8880 Cal Center Drive, Suite 180
Sacramento, California 95826
Telephone: (916) 362-9000
Fax: (916) 362-9066
E-mail: mleonard@davisandleonard.com

Attorneys for Plaintiff Salu, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALU, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>THE ORIGINAL SKIN STORE, an Arizona limited liability company.<br><br>    Defendant. | CASE NO. NO. 2:08-CV-01035-FCD-KJM<br><br>STIPULATED PROTECTIVE ORDER |
| THE ORIGINAL SKIN STORE, an Arizona limited liability company,<br><br>    Counterclaimant,<br><br>  v.<br><br>SALU, INC., a Delaware corporation,<br><br>    Counter-Defendant. | |

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public

1  disclosure and from use for any purpose other than prosecuting this litigation would be
2  warranted. To permit the parties to produce such sensitive information while safeguarding
3  its confidentiality, parties hereby stipulate to and petition the Court to enter the following
4  Stipulated Protective Order, which shall apply to, and govern, all documents, things,
5  discovery responses, and testimony designated by the disclosing party in good faith as
6  constituting or containing Confidential, Highly Confidential, or Trade
7  Secret/Commercially Sensitive Information or Items under the Protective Order.  This
8  Stipulated Protective Order shall not apply to the conduct of proceedings at trial, which the
9  parties anticipate will be governed by the Court's final pre-trial order.

10  2.     DEFINITIONS

11      2.1    Party: All parties to this action and anyone else acting upon their behalf or
12  at their direction or control, including, but not limited to, their officers, directors,
13  employees, consultants, retained experts, as well as House Counsel and their support staff.
14      2.2    Discovery Material:  All items or information, regardless of the medium or
15  manner generated, stored, or maintained (including, but not limited to, testimony,
16  transcripts, or tangible things) that are produced or generated in disclosures or responses to
17  discovery.
18      2.3    "Confidential" Information or Items: All information (regardless of how
19  generated, stored or maintained) or tangible things that qualify for protection under
20  standards developed under Federal Rule Of Civil Procedure 26(c).
21      2.4    "Highly Confidential" Information or Items:  "Confidential" Information or
22  Items whose unrestricted disclosure could be potentially prejudicial to the business or
23  operations of such Party.
24      2.5    "Trade Secret/Commercially Sensitive" Information or Items: All extremely
25  sensitive "Confidential" Information or Items whose disclosure to another Party or non-
26  party would create a substantial risk of serious injury that could not be avoided by less
27  restrictive means.

2.6 <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

2.7 <u>Producing Party</u>: a Party or non-party that produces Discovery Material in this action.

2.8 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential", "Highly Confidential", or "Trade Secret/Commercially Sensitive".

2.9 <u>Protected Material</u>: any Discovery Material that is designated as "Confidential", "Highly Confidential, or "Trade Secret/Commercially Sensitive".

2.10 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11 <u>House Counsel</u>: attorneys who are employees of a Party.

2.12 <u>Counsel (without qualifier)</u>: Outside Counsel and their support staffs.

2.13 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

STIPULATED PROTECTIVE ORDER

1 presentations by parties or counsel to or in court or in other settings that might reveal
2 Protected Material.

3 4.  DESIGNATING PROTECTED MATERIAL

4     4.1  Exercise of Restraint and Care in Designating Material for Protection.

5 Each Party or non-party that designates information or items for protection under
6 this Order must take care to limit any such designation to specific material that qualifies
7 under the appropriate standards.  A Designating Party must take care to designate for
8 protection only those parts of material, documents, items, or oral or written
9 communications that qualify, so that other portions of the material, documents, items, or
10 communications for which protection is not warranted are not swept unjustifiably within
11 the ambit of this Order.

12 Mass or indiscriminate, designations are prohibited.  Designations that are shown to
13 be clearly unjustified, or that have been made for an improper purpose (e.g., to
14 unnecessarily encumber or retard the case development process, or to impose unnecessary
15 expenses and burdens on other parties), may expose the Designating Party to sanctions.
16 No party will indiscriminately or unreasonably stamp or maintain documents as
17 Confidential, Highly Confidential, or Trade Secret/Commercially Sensitive, and in no
18 event will publicly available documents such as publications, patents, or file histories be
19 stamped Confidential, Highly Confidential, or Trade Secret/Commercially Sensitive.

20 Discovery Material shall not be designated as "Protected Material" which (a) is or,
21 without violation of this Order, becomes public knowledge, (b) is or was acquired without
22 violation of this Order from a third person having a right to disclose such information, (c)
23 was or is discovered independently by the receiving party, or a third person without breach
24 of any obligation of confidentiality to the Producing or Designating party; (d) is possessed
25 by the receiving party prior to this action, unless that information was obtained under
26 circumstances requiring the receiving party to treat it as confidential;  (e) is disclosed by a
27 party (not in violation of this Order) or by a third person (without restriction as to further

1 disclosure, and not in violation of this Order) under legal compulsion to disclose the
2 Protected Information; or (f) is disclosed to anyone, with the approval or consent of the
3 Producing or Designating party, without restriction as to further disclosure.
4     If it comes to a Party's or a non-party's attention that information or items that it
5 designated for protection do not qualify for protection at all, or do not qualify for the level
6 of protection initially asserted, that Party or non-party must promptly notify all other
7 parties that it is withdrawing the mistaken designation.
8     4.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this
9 Order, or as otherwise stipulated or ordered, material that qualifies for protection under this
10 Order must be clearly so designated before the material is disclosed or produced.
11 Designation in conformity with this Order requires:
12     (a)    <u>For information in & documentary form</u> (apart from transcripts of
13 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend
14 "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "TRADE
15 SECRET/COMMERCIALLY SENSITIVE" at the top or bottom of each page that
16 contains protected material.  A Party or non-party that makes original documents or
17 materials available for inspection need not designate them for protection until after the
18 inspecting Party has indicated which material it would like copied and produced.  During
19 the inspection and before the designation, all of the material made available for inspection
20 shall be deemed "TRADE SECRET/COMMERCIALLY SENSITIVE."  After the
21 inspecting Party has identified the documents it wants copied and produced, the Producing
22 Party must determine which documents, or portions thereof, qualify for protection under
23 this Order, then, before producing the specified documents, the Producing Party must affix
24 the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "TRADE
25 SECRET/COMMERCIALLY SENSITIVE") at the top or bottom of each page that
26 contains Protected Material.
27
28

(b) <u>For testimony given in deposition or in other pretrial proceedings</u> that the Producing or Designating Party or a non-party whose information is disclosed identify on the record, at the time of the disclosure during the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "TRADE SECRET/COMMERCIALLY SENSITIVE."  The Producing or Designating Party or non-party whose information is disclosed shall also have the right to have up to 30 days after the transcript is prepared within which to identify the specific portions of the testimony as to which protection is sought, and to specify the level of protection being asserted ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL", or "TRADE SECRET/COMMERCIALLY SENSITIVE").  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "TRADE SECRET/COMMERCIALLY SENSITIVE," as instructed by the Producing or Designating Party or non-party seeking protection under this Stipulated Protective Order.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL" or "TRADE SECRET/COMMERCIALLY SENSITIVE."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential", "Highly Confidential", or "Trade Secret/Commercially Sensitive."

4.3   <u>Inadvertent Failures to Designate</u>.   Inadvertent failure of counsel to designate or mark any document, thing, or testimony as Confidential, Highly Confidential,

or Trade Secret/Commercially Sensitive Information as provided above shall not preclude the disclosing party from thereafter in good faith making such a designation and requesting the receiving party to so mark and treat such documents and things so designated. The receiving party, however, shall incur no liability for disclosures made prior to notice of such designations.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

    5.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in writing with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    5.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in

STIPULATED PROTECTIVE ORDER

the meet and confer dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing or Designating Party's designation.

6. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

   6.1   <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, or any litigation or proceedings pending before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

   Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Notwithstanding any other provision of this Order, no Highly Confidential Information of the other party shall be brought onto or maintained on any premises owned or leased by, or otherwise under the control of the receiving party, whether such Highly Confidential Information is intangible, magnetic, electronic, or other machine-readable form.

   6.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

   (a)   The Receiving Party, its House and Outside Counsel, as well as employees of said Counsel and officers and management employees of the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation and who

have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

       (b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (c)     The Court and its personnel;

       (d)     Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

       (e)     During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

       (f)     the author of the document or the original source of the information.

6.3     <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

       (a)     The Receiving Party, its House and Outside Counsel,, as well as employees of said Counsel and officers and management employees of the Receiving Party to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

       (b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

       (c)     The Court and its personnel;

      (d)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

      (e)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

      (f)    the author of the document or the original source of the information.

6.4    <u>Disclosure of "TRADE SECRET/COMMERCIALLY SENSITIVE" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "TRADE SECRET/COMMERCIALLY SENSITIVE" only to:

      (a)    The Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

      (b)    Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); provided, however, any party or attorney proposing to share "TRADE SECRET/COMMERCIALLY SENSITIVE" with an expert must also notify the party which designated the "TRADE SECRET/COMMERCIALLY SENSITIVE," prior to disclosure to an expert. Notification must be personally served or forwarded to the Producing or Designating Party's Outside Counsel by certified mail, return receipt requested, and shall provide notice of the name, address, occupation and professional background of the proposed expert. The party or its attorney receiving the notice shall have ten (10) business days to object to disclosure to the expert. If objection is

1  made, then the parties must negotiate the issue before raising the issue before the Court. If
2  the parties are unable to settle their dispute, then it shall be the obligation of the party or
3  attorney proposing disclosure to bring the matter before the Court with an explanation of
4  the need for disclosure and a report on the efforts the parties have made to settle their
5  dispute. The party objecting to disclosure will be expected to respond with its arguments
6  against disclosure or its objections will be deemed waived.

7      (c)    The Court and its personnel;
8      (d)    Court reporters, their staffs, and professional vendors to whom
9  disclosure is reasonably necessary for this litigation;
10     (e)    The author of the document or the original source of the
11 Information.
12

13 7.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**
14
15
16 If a Receiving Party is served with a subpoena or an order issued in other litigation
17 that would compel disclosure of any information or items designated in this action as
18 "CONFIDENTIAL", "HIGHLY CONFIDENTIAL,", or "TRADE
19 SECRET/COMMERCIALLY SENSITIVE " the Receiving Party must so notify the
20 Designating Party, in writing (by e-mail, if possible) immediately and in no event more
21 than five court days after receiving the subpoena or order. Such notification must include a
22 copy of the subpoena or court order.
23 The Receiving Party also must promptly inform in writing the Party who caused the
24 subpoena or order to issue in the other litigation that some or all the material covered by
25 the subpoena or order is the subject of this Protective Order. In addition, the Receiving
26 Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the
27 other action that caused the subpoena or order to issue.
28 The purpose of imposing these duties is to alert the interested parties to the

existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.      FILING PROTECTED MATERIAL

No information designated Confidential, Highly Confidential, Trade Secret/Commercially Sensitive nor any documents disclosing, reproducing, or paraphrasing, in whole or part, Confidential. Highly Confidential, or Trade Secret/Commercially Sensitive Information may be filed or submitted to the Court unless the submission complies with the procedures set forth in Local Rule 39-141 for filing documents under seal.

10.     OTHER PROCEEDINGS

Nothing in this order shall be construed to impair or prohibit any Party from seeking an Order from the Court regarding the communication, use or disclosure of Protected Material at trial, or during other courtroom proceedings in this action. Absent such an Order, a Receiving Party shall only use or disclose the Protected Material of a

Producing or Designating Party as provided in this Stipulated Protective Order or the Court's final pre-trial order.

11. <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action and the action pending before the Trademark Trial and Appeal Board styled "The Original Skin Store, LLC v. Salu, Inc.," – Cancellation No. 92,049,272, whichever occurs later, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

12. <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated

1  Protective Order.  Similarly, no Party waives any right to object on any ground to use in
2  evidence of any of the material covered by this Protective Order.
3       12.3   Access to Protected Material. The provisions of this Order
4  regarding access to Protected Material are subject to modification by written agreement of
5  the parties or their attorneys, or by motion filed with and approved by the Court.
6
7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD
8
9  Dated: October 5, 2009               DAVIS & LEONARD, LLP
10
                                        s/Mark R. Leonard
11                                      Mark R. Leonard
                                        Attorney for Plaintiff Salu, Inc.
12

13  Dated: October 5, 2009               HAYES SOLOWAY PC
14
                                        s/ Stephen B. Mosier
15                                      Stephen B. Mosier
                                        Attorney for Defendant The Original Skin Store,
16                                      LLC
17
18
19  IT IS SO ORDERED.
20  DATED:  October 6, 2009.
21                                      _____
22                                      U.S. MAGISTRATE JUDGE
23
24
25
26
27
28

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

1. I have read and understand the attached Protective Order concerning confidential information that has been entered in *Salu, Inc. v. The Original Skin Store, LLC*, Case No. 2:08-CV-01035-FCD-KJM in the U.S. District Court for the Eastern District of California in Sacramento.

2. I understand that I may be given access to Confidential, Highly Confidential, or Trade Secret/Commercially Sensitive Information, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3. I understand that I am to retain all originals and copies of the Confidential, Highly Confidential, or Trade Secret/Commercially Sensitive Information in a secure manner and that all copies will be destroyed or returned to the counsel who provided me with it within 60 days after termination of this action.

4. I understand that I will not disclose or discuss Confidential or Highly Confidential, or Trade Secret/Commercially Sensitive Information with any persons other than counsel for any party and paralegal and clerical personnel assisting such counsel and other persons who have signed a Confidentiality undertakings.

5. I understand that all Confidential or Highly Confidential, or Trade Secret/Commercially Sensitive Information shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of Confidential, Highly Confidential, or Trade Secret/Commercially Sensitive Information, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Date:_____    Signature:_____

Position:_____    Name (print):_____

Address:_____